**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| TOULA AVGERINOS ) | CASE NO.  1:08-cv-01955 |
| obo ) | |
| PANOS AVGERINOS ) | |
|     Plaintiff, ) | JUDGE NUGENT |
| ) | |
|     v ) | |
| ) | MAGISTRATE JUDGE VECCHIARELLI |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security ) | |
| ) | **REPORT & RECOMMENDATION** |
|     Defendant. ) | |

Plaintiff, Toula Avgerinos, challenges the final decision of the Commissioner of Social Security, Michael J. Astrue ("Commissioner"), denying Avgerinos' application for a period of Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 416 (i).  Plaintiff has invoked this Court's jurisdiction pursuant to 42 U.S.C. § 405(g).  This case is before the undersigned United States Magistrate Judge for a report and recommendation pursuant to a referral under Local Rule 72.2(b).

For the reasons set forth below, the final decision of the Commissioner should be AFFIRMED.

## I.  Procedural History

On September 15, 2003, claimant, Panos Avgerinos, ("Avgerinos") filed an application for DIB alleging disability as of May 10, 1991.  Claimant passed away on March 4, 2004, and plaintiff was substituted as the party.  The claim was denied initially and upon reconsideration. Plaintiff timely filed a request for a hearing.

Avgerinos filed an initial application for DIB on September 2, 1993, alleging disability as of May 10, 1991. The Administrative Law Judge ("ALJ"), denied the application on November 22, 1995, and Avgerinos did not appeal.

Avgerinos filed a second application for DIB on April 25, 1996 alleging disability as of May 10, 1991.  An initial determination on the application was made on September 6, 1996.  On December 16, 1998, the ALJ found that Avgerinos was not disabled.  On June 8, 2001, five years after the initial determination, the Appeals Council denied review, and the ALJ's decision became the final decision of the Commissioner.  Avgerinos did not  further appeal this decision.

On September 15, 2003, Avgerinos filed his third claim for disability, again alleging disability as of May 10, 1991.  This claim was denied on April 19, 2004.  On May 20, 2004, plaintiff requested reconsideration, which was denied.  The ALJ, Edmund Round, held a hearing on May 1, 2006.  On June 30, 2006, ALJ Round issued his opinion in which he made the following findings:

1)   The claimant last met the insured status requirements of the Social Security Act on December 31, 1996.

2)   The claimant's application is identical in party, fact, and issue to an application filed in 1996.

3)   I am barred from finding a period of "disability" as defined by the Social Security Act, that began at any time before December 17, 1998 (20 CFR § 404.988)

4)   The claimant did not meet the insured status requirements of the Social Security Act on December 17, 1998, the first date of the unadjudicated period, and the claimant is not eligible for Title II benefits under the Social Security Act.

(Transcript p. 15-16)

2

The ALJ explained that based on the principles of *res judicata*, the December 16, 1998 decision is binding through that date, and therefore, he is constrained to consider only the period that begins December 17, 1998, the day after the decision.  He further found that Avgerinos did not meet the insured status requirements on or after December 17, 1998, and therefore, he was not eligible for benefits.

Additionally, the ALJ found that there was no basis to reopen the December 16, 1998 claim.  Specifically, the ALJ explained that while he found plaintiff had provided new and material evidence establishing good cause to reopen, he could not do so because it had been more than four years since the initial determination.  Additionally, he found no evidence of fraud or similar fault that would allow him to reopen the December 16, 1998 decision.

## VI.  Analysis

Plaintiff claims the ALJ erred in finding there are no grounds to reopen the December 16, 1998 decision.  The grounds for reopening a claim are set forth in 20 C.F.R. § 404.988 which provide is pertinent part:

A determination, revised determination, decision, or revised decision may be reopened

(a)    Within 12 months of the date of the notice of the initial determination, for any reason;

(b)    Within four years of the date of the notice of the initial determination if we find good cause, as defined in §404.989, to reopen the case; or

(c)    At any time if--

(1)    It was obtained by fraud or similar fault ... ;

***

3

(8)     It is wholly or partially unfavorable to a party, but only to correct clerical error an error that appears on the face of the evidence that was considered when the determination or decision was made....

Plaintiff claims  she should be permitted to reopen the decision pursuant to 20 C.F.R. § 404.988(b) because good cause exists; and, she could not file her request within four  years, because more than four years elapsed between the initial determination and the Appeals Council's decision.[1]  Alternatively, plaintiff claims she should be able to reopen the claim pursuant to 20 C.F.R. § 404.988 (c) (1) (determination obtained by fraud or similar fault) or 20 C.F.R. § 404.988  (c) (8) (an error on the face of the evidence).

The Commissioner claims the ALJ properly denied plaintiff's claim based on the principles of  *res judicata,* which allow an ALJ to preclude consideration of a claim when a previous final determination has been rendered regarding the same claimant's rights, on the same facts and issues.  20 C.F.R. § 404.957(c) (1)

The Commissioner further claims that neither the ALJ's decision not to reopen plaintiff's claim, nor his decision to apply *res judicata* are subject to judicial review, absent a constitutional challenge, which plaintiff has not raised.

A decision not to reopen a previous claim, as well as a decision to apply *res judicata* are within the discretion of the ALJ, and not subject to judicial review.  *See Califano v. Sanders*, 430 U.S. 99, 107-108  (1978).  ( 42 U.S.C. § 405(g) cannot be read to authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims.); *Blacha v. Secretary of HHS*, 927 F.2d 228, 231 (6th Cir. 1990) ( A court

---

[1] Plaintiff admits that Avgerinos could have appealed the decision, but did not.

4

may not review a refusal to reopen an application for benefits absent a constitutional challenge.); *McCoy v. Chater*, 81 F. 3d 44 ,45 (6th Cir. 1995) (A decision not to reopen is only subject to judicial review for constitutional claims); *Hilmes v. Secretary of HHS*, 983 F.2d 67 (6th Cir. 1993) (Extending  *Sanders* to request to review application of res judicata)

Accordingly, this Court lacks jurisdiction to rule on plaintiff's claims, and the Commissioner's decision must be affirmed.

## VII.  Decision

_____For the foregoing reasons, the Magistrate Judge finds the decision of the Commissioner should be AFFIRMED.


_____ s/*Nancy A. Vecchiarelli*
_____U.S. Magistrate Judge

Date: <u>February 27, 2009</u>



## OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after being served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *1reh'g denied*, 474 U.S. 1111 (1986).**