**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| TOULA AVGERINOS  )  | | CASE NO. 1: 08 CV 1955 |
| obo                       )  | | |
| PANOS AVGERINOS,  )  | | |
|                                )  | | |
| Plaintiff,       )  | | JUDGE DONALD C. NUGENT |
|                                )  | | |
| v.                          )  | | |
|                                )  | | |
| COMMISSIONER OF  )  | | MEMORANDUM OPINION |
| SOCIAL SECURITY,  )  | | AND ORDER |
|                                )  | | |
| Defendant.  )  | | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Nancy A. Vecchiarelli.  The Report and Recommendation (ECF # 15), submitted on February 27, 2009, is ADOPTED by this Court.

**Procedural and Factual Background**

Panos Avgerinos, filed an application with the Social Security Administration for disability insurance benefits (DIB) pursuant to 42 U.S.C. § 416, alleging disability since May 10, 1991.  Plaintiff filed this application on September 15, 2003.  On March 4, 2004, Panos Avgerinos passed away, and Toula Avgerinos was substituted as the claimant.

On August 13, 2008, Plaintiff filed a Complaint with this Court, seeking judicial review of the Administrative Law Judge's (the "ALJ's") decision not to reopen Plaintiff's claim based upon principals of *res judicata*.  Pursuant to Local Rule 72.2, this matter was referred to Magistrate Judge Vecchiarelli for the preparation of a report and recommendation.

Magistrate Judge Vecchiarelli issued her Report and Recommendation on February 27, 2009. She concluded that an ALJ's decision not to reopen a claim, as well as a decision to apply *res judicata* are not subject to judicial review.  Accordingly, the Magistrate Judge found that this

Court lacks jurisdiction to rule on Plaintiff's claims, and thus recommended that Defendant's decision denying benefits should be affirmed. No objections to the Report and Recommendation have been filed. This Court herein reviews the Report and Recommendation.

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) provides this standard of review. It states, in pertinent part, the following:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

The text of Rule 72(b) addresses only the review of reports to which objections have been made; it does not indicate the appropriate standard of review for those reports to which no objections have been properly made. The Advisory Committee on Civil Rules commented on a district court's review of *unopposed* reports by magistrate judges. In regard to subsection (b) of Rule 72, the advisory committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted).

The U.S. Supreme Court, in *Thomas v. Arn*, 474 U.S. 140 (1985), examined the proper standard of review that a district judge must employ when reviewing an unopposed magistrate judge's report. When confronted with the proposition that the failure to object to a magistrate's

report waives only *de novo* review, but does not waive some lesser standard of review, the Court disagreed. The Court rejected the idea that Congress mandated *de novo* review, or in fact, *any* type of review in this context. The Court stated: "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Id.* at 150; *see also Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) ("[O]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." (citations omitted)).

Although it is not expressly required by the Federal Rules of Civil Procedure or by the Supreme Court, this Court will conduct a *de novo* review of a magistrate judge's report to which no objections have been filed. In the absence of a clearly articulated standard for the review of unopposed magistrate judge's reports, this Court chooses to employ the standard which is provided by Congress for opposed reports within the text of FED. R. CIV. P. 72. Therefore, in the interests of justice and fairness to the parties, the Court will employ a *de novo* standard rather than the "clearly erroneous" or "abuse of discretion" standards.

It is important to note that the standard of review for a magistrate judge's report and recommendation is distinct from the standard of review for the Commissioner of Social Security's decision regarding benefits. Judicial review of the Commissioner's decision, as reflected in the decisions of the ALJ and the Appeals Council, is limited to whether that decision is supported by substantial evidence. *See Smith v. Secretary of Health and Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). "Substantial evidence exists when a reasonable mind could accept

the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Casey v. Secretary of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) (citation omitted).

## Conclusion

This Court has reviewed the Report and Recommendation of this case *de novo* and has considered all of the pleadings, affidavits, motions, and filings of the parties. After careful evaluation of the record, this Court adopts the findings of fact and conclusions of law of the Magistrate Judge as its own.

It is within the ALJ's discretion to deny opening a previous claim, as well as to apply *res judicata*. Absent a constitutional challenge, which was not raised in the instant case, the Court lacks jurisdiction to review such decisions. Accordingly, the Report and Recommendation of Magistrate Judge Vecchiarelli (ECF #15) is hereby ADOPTED. Consistent with this ruling, Defendant's final decision is AFFIRMED and judgment is entered in favor of Defendant.

IT IS SO ORDERED.

        *s/ Donald C. Nugent*
        DONALD C. NUGENT
        United States District Judge

DATED: March 27, 2009